IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRYANT GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-216 |
| | ) |
| TREVOR C. LYNHAM AND | ) |
| URS MIDWEST INC. D/B/A URS, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Trevor Lynham and URS Midwest Inc. D/B/A URS, by counsel, pursuant to pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, hereby give notice of removal of this action from the Marion County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division, and in support thereof state the following:

### Background

1. On August 24, 2022 Plaintiff filed a Complaint and Jury Demand in the Marion County Superior Court of Marion County, Indiana, under Cause No. 49D11-2208-CT-029191. (*See* Plaintiff's Complaint attached hereto as Exhibit B.)

2. Plaintiff's Complaint alleges that Defendants are responsible for alleged damages sustained by Plaintiff due to an automobile accident which occurred on August 26, 2020, on I-465 near Allisonville Road in Indianapolis, Indiana. (*See* Complaint for Damages, ¶¶ 4-9, 11.)

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 94(b)(1) and 1441(a) because the United States District Court for the Southern District of Indiana, Indianapolis Division is the federal judicial district and division embracing the Superior Court of Marion County, Indiana, where the action was originally filed.

4. By filing this Notice of Removal, Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Defendants reserve the right to assert any defenses and objections to which they may be entitled.

5. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. §§ 1441 and 1446, as set forth below.

## Removal is Timely

6. 28 U.S.C. § 1446(b)(3) provides the following time limitation on removal of civil actions:

> Except as provided in subsection (c), if the case stated by the initial pleadings is not removable, a notice of removal may be filed <u>within thirty days after receipt by the defendant</u>, through service or otherwise, of a copy of an amended pleading, motion, or order, or **other paper from which it may first be ascertained that the case is one which is or has become removable**.

(emphasis added).

7. On January 4, 2023, Defendants were served with Plaintiff's Responses to Requests for Admissions. Pursuant to Plaintiff's Response to Request for Admission No. 14, Plaintiff denied that his alleged damages in this matter were equal to or less than $75,000. (*See* Plaintiff's Responses to Request for Admissions attached hereto as Exhibit D).

8. On the same date, Defendants received Plaintiff's Responses to Request for Interrogatories, in which Plaintiff itemized damages totaling approximately $73,000, with at least two unknown amounts claimed. Plaintiff also claimed he sustained face contusions, abdominal/pelvic pain, multiple broken bones in his back, and eye floaters, as part of his alleged damages sustained in the accident. (*See* Plaintiff's Responses to Interrogatories [#2 and #3] attached hereto as Exhibit E).

9. Because Defendant are filing this Notice on February 1, 2023 within thirty (30) days after Defendants received Plaintiff's discovery responses which confirm that Plaintiff's alleged amount in controversy exceeds $75,000, exclusive of interest and costs, removal is timely.

### Complete Diversity of Citizenship Exists Among the Parties

10. Plaintiff Bryant Graham is a citizen of the State of Indiana.

11. Defendant Trevor Lynham is a citizen of the State of Pennsylvania.

12. Defendant URS Midwest, Inc. is a Michigan Corporation with a principal place of business in Michigan.  Therefore, it is a citizen of the state of Michigan.

13. The controversy in this action is therefore entirely between citizens of different states of the United States, and Defendants desire to remove said cause from the Superior Court of Marion County, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. 1332(a)(1) and 1441(a).

### The Amount in Controversy Requirement is Satisfied

14. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.  Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  Defendants invoking federal jurisdiction have the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).  Where, as here, the Complaint does not specify the amount in controversy, the removing defendant must show "a reasonable probability" that the jurisdictional minimum has been met. *Malinowski v. Walgreen Co.*, NO. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449

(7th Cir. 2005)). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

15. As previously described, Plaintiff's Response to Request No. 14 in his Responses Defendants' Request for Admissions denied that his damages were equal to or less than $75,000. Additionally, in responding to interrogatories numbers 2 and 3, Plaintiff alleged itemized damages total approximately $73,000, with at least two unknown amounts claimed. Plaintiff also claimed he sustained face contusions, abdominal/pelvic pain, multiple broken bones in his back, and eye floaters. Accordingly, Defendants hold a good faith belief that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

16. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Defendants.

## **Removal is Appropriate**

17. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Defendants attach as Exhibit "A" all pleadings, motions, orders, and all other filings filed in the state court, in compliance with 28 U.S.C. §§ 1446(a).

19. Attached hereto as Exhibit "B" is a copy of Plaintiff's Complaint.

20. Attached hereto as Exhibit "D" is a copy of Plaintiff's Responses to Request for Admission.

21. Attached hereto as Exhibit "E" is a copy of Plaintiff's Responses to Requests for Interrogatories.

22. This Notice of Removal is being served upon Plaintiff and contemporaneously filed with the Clerk of Superior Court of Marion County, Indiana pursuant to 28 U.S.C. § 1446(d).

23. The filing fee of $400.00 has been paid to the Clerk of the United States District Court at the time of filing this Notice of Removal.

24. A copy of Defendants' Notice to Plaintiff and Clerk of the Marion County Superior Court of Defendants' Application to Remove Cause to Federal Court is attached hereto as Exhibit "C."

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By: /s/Erin A. Clancy_____
Erin A. Clancy, I.D. No. 21962-49
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2023, the foregoing was served upon the following via the State Court's electronic filing/notification system, as follows:

Stacy L. Kelley
GLASER & EBBS
845 S. Meridian Street
Indianapolis, IN 46225
skelley@glaserebbs.com
*Attorneys for Plaintiff*

s/ Erin A. Clancy_____
Erin A. Clancy

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 N. Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
eclancy@k-glaw.com